United States District Court
Southern District of Texas
**ENTERED**
June 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Emily Elson, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | Civil Action H-20-2125 |
| Ashley Black, *et al.*, | § § | |
| Defendants. | § § | |

## Opinion on Dismissal

1. *Background.*

The plaintiffs are 14 women spread among seven states. They claim to have received either inadequate or no recompense for having bought and used the products. They seek these damages, treble damages, punitive damages, and attorneys' fees. The plaintiffs seek additional equitable relief, but they do not specify the relief sought.

The defendants are Ashley Black and an assortment of corporations. The exact actions of each entity are pleaded generally, with some exceptions for Ashley Black herself. The parties are described in detail in Exhibit A.

The FasciaBlaster is a Class I medical device, registered with the Food and Drug Administration as a massager. The blaster is a two-foot stick with multiple prongs that apply pressure to the skin when used. The blaster sells for $89 plus shipping from www.ashleyblackguru.com.

The plaintiffs claim that they purchased the FasciaBlaster products because of their touted benefits. They argue that the defendants warranted that the devices would induce weight loss, diminish cellulite, reduce C-section scarring, and relieve pain. The plaintiffs also say that the defendants made claims

about FDA endorsement, product safety, and efficacy. The plaintiffs insist that they have received none of these benefits and got instead unspecified physical harm from using the blaster. Because the blaster did not have the purported benefits and because the alleged claims were thought to be false, the plaintiffs sued the defendants for: (a) breach of express warranty, (b) breach of implied warranty of merchantability, (c) fraud, and (d) unjust enrichment; all four claims are pursuant to various state laws with an additional federal claim. The federal Magnuson-Moss Warranty Act claim gives plaintiffs with state law warranty claims a mechanism for federal relief.

2. *Procedural Defects.*

   A. *Notice for Breach of Warranty.*

   Notice of breach to the defendants is required for each breach of warranty claim in all relevant jurisdictions. The purpose behind a pre-suit notice requirement is to "allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court."[1] All these states, except Arizona, require that notice be given before filing suit.[2] Louisiana allows the defendants' actual knowledge of a breach to substitute for pre-suit notice.[3] Sharon Dalton and Sheila Smith gave notice before filing suit; all other plaintiffs gave notice contemporaneous with service of process.

   The plaintiffs who did not serve the defendants before filing suit have defective claims for breach of warranty. Joey Campbell and Kelli Frederick have statutory exceptions to pre-suit notice in their states. Campbell's home state of

---

[1] *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011).

[2] *See Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal.App.4th 116, 137 (Cal. Ct. App. 2008); *see Gen. Matters v. Paramount Canning Co.*, 382 So. 2d 1262, 1264 (Fl. Dist. Ct. App. 1980); *see Veluvolu v. Nissan N. Am. Inc.*, 2019 WL 2344213; *but see Davidson v. Wee*, 379 P.2d 744, (Ariz. 1963).

[3] La. Civ. Code Ann. art. 2522.

Arizona does not require pre-suit notice. In Arizona, notice may properly be given with service. Campbell waited over two years to file her complaint and give the defendants notice. Arizona requires notice be given in a reasonable time. Waiting several years is an unreasonable delay, so Campbell's claim will be dismissed as untimely.

Louisiana requires pre-suit notice, but has an exception if a defendant had actual knowledge of an alleged breach. Frederick filed suit three months after the first plaintiffs sued for the same alleged breach. The defendants had actual knowledge of the alleged breach by the time Frederick filed suit. Frederick's notice was proper under Louisiana law.

### B.     *Heightened Pleading Standard.*

The plaintiffs bring several fraud claims under various state consumer protection laws. These claims must conform to the heightened pleading standard of federal rule 9(b).

The plaintiffs have pleaded just the month when a misleading statement was made or relied on. This is insufficient under federal rule 9(b).

The plaintiffs tend to merely allege the "effect" of representations, often failing to detail what specific representations were made by which defendant. They do not mention which alleged defendant made what statements. The plaintiffs are vague about where defendants made the alleged claims. The representations which approach adequate specificity of place and content are:

(1)    Emily Elson, alleging that a promise to substantially reduce cellulite was made in a Facebook advertisement and on the defendant's website;

(2)    Dalton, alleging that Ashley Black promised to "virtually eliminate cellulite" on her website and on Youtube; and

(3) Smith, alleging that the claim that the blaster was "100% guaranteed to eliminate cellulite" appeared in Facebook advertising, on the defendants' website, and in promotional videos.

These representations still suffer from the same time generality. Because the plaintiffs have not pleaded fraud with particular facts of time, place, and content, the claims fail under rule 9(b).

C. *Notice for California Fraud Claim.*

Under the Consumer Legal Remedies Act, plaintiffs are required to either give 30-days notice or file for injunctive relief 30 days before pursuing damages.[4] In the original complaint, the plaintiffs clearly ask the court for damages in addition to injunctive relief. At the end of the CLRA count, the plaintiffs also ask for attorney's fees. The plaintiffs asked for damages in the original complaint and therefore cannot use the amending rule in section 1782(d) to achieve proper notice. All plaintiffs except Dalton gave notice with service. Dalton properly gave over four months notice.

3. *Merits of the Claims.*

A. *Breach of Express Warranty*

The plaintiffs pursue various state law breach of express warranty claims. These laws are derived from the UCC and use identical language. Cal. Com. Code § 2313; Fla. Stat. § 672.313; Ariz. Rev. Stat. Ann. § 47-2313. An express warranty requires a defendant to make an "affirmation of fact or promise" to the plaintiffs which "relates to the goods and becomes part of the basis of the bargain." U.C.C. § 2-313.

---

[4] Cal. Civ. Code §§ 1782(a), (d).

Black's Law Dictionary defines puffing as the expression of an exaggerated opinion with the intent to sell a good or service. Professor Keeton described puffery as a seller making false claims which are not specific and do not promise a particular characteristic, but are just opinion. Puffing is a valid tool for selling a product and is not an affirmation of fact or a promise; it does not create an express warranty.

The plaintiffs say that the claims that the blaster will "reduce cellulite," "virtually eliminate cellulite," "eliminate cellulite," "cause weight loss," and "relieve pain" create an express warranty. These are not affirmations of fact about the blaster or promises of a particular function. These claims are puffing by the defendants.

The plaintiffs admit that a disclaimer was presented before they bought: "Legal Disclaimer: All claims and results within are based on years of anecdotal evidence. The company is currently studying claims for scientific validation." This disclaimer adds context and reinforces that these statements are puffing.

The above claims are non-specific. The defendants do not mention the amount of cellulite to be reduced or the type of pain which can be fixed. They do not compare the blaster to similar goods, and they do not assert any measurable or quantifiable characteristic. These claims are not affirmations of fact. These claims are puffing. Taking the disclaimer into account, these claims are clearly the exaggerated opinions of the defendants.

The exception to the puffing nature of defendants' alleged claims is that the blaster is "FDA approved." To be FDA approved, a product must be reviewed by the FDA, and the FDA must determine that there is sufficient valid scientific evidence that gives reasonable assurance that the device is safe and effective for its intended use.[5] Saying a product is FDA approved conveys that a product went through scientific vetting, has institutional backing, and possesses certain rigor in its development.

---

[5] 21 U.S.C.A. § 360e.

The phrase FDA approved affirms specific facts about a product's characteristics. None of the plaintiffs allege that they came across this claim or that they relied on it. This claim is not an express warranty because it did not form the basis of any bargain.

Because the FDA approval claim did not form the basis of a bargain and the other claims are merely puffing, the defendants claims did not create an express warranty with the plaintiffs.

B.   *Breach of Implied Warranty of Merchantability.*

The blaster is a Class I medical device and is registered as a personal massager with the FDA. This is the class of goods against which the blaster's merchantability must be measured: Class I personal massagers.

The plaintiffs have pleaded that the blaster is not merchantable because it does not convey the touted benefits. The blaster is not in the class of magic wands nor the class for panaceas. It is a manual personal massager. This is the class against which we compare the blaster's merchantability. The facts pleaded give no indication that it did not perform as a personal massager. The blaster is fit for the ordinary use of personal massagers.

Some plaintiffs bought additional balsters after their original purchase. This demonstrates that the blasters were useful as personal massagers generally and to those particular plaintiffs. The claims for breach of implied warranty are insufficient because they fail to plausibly allege that the blaster is unfit for use as a personal massager.

C.   *Breach of Warranty Against Redhibitory Defects.*

Louisiana has a legal remedy for consumers of products with redhibitory defects. A defect is redhibitory when it "renders the thing useless" or makes its use "so inconvenient" that the plaintiffs must be presumed to "not have bought the thing had he known of the defect." A defect is also redhibitory when, "without rendering the thing totally useless," the defect diminishes its

"usefulness or its value" such that it must be presumed the "plaintiffs would still have bought it but for a lesser price." The plaintiffs can get the full amount paid, if the defective product is useless; or the difference between the two prices, if the defect diminishes value.

The sole defect plaintiffs claim is the inability of the blaster to confer touted benefits. The blaster is perfectly useful as a personal massager. It is not overly inconvenient to use due to a defect. The blaster does not appear to be nor is it claimed to be over priced for a manual personal massager. This is true when considering the product is from a quasi-famous beauty mogul. Without facts that a buyer would not have paid $89 for the blaster, the alleged defects are not redhibitory under Louisiana law.

    D.    *Breach Under the Song-Beverly Warranty Act.*

Under California law, a "written statement" where the "retailer undertakes to preserve or maintain the utility or performance" of the good or "provide compensation if there is a failure" creates an express warranty. The plaintiffs have not pleaded that the defendants warranted their product with repairs or returns and then breached that warranty. The plaintiffs fail to state a claim under Cal. Civ. Code § 1791.

The defendants have a return policy which the plaintiffs acknowledge in their response and contend is inadequate. The plaintiffs claim that the full amount of the product was not returned in many cases, and, in others, that the shipping cost should have been returned. The defendants appear to not have refunded the shipping cost and have withheld funds from the return to cover the return shipping cost. The plaintiffs do not point to language in the return warranty and claim a breach of those terms. They acknowledge that a return warranty exists and that the defendants honored it substantially. Because the plaintiffs have not pleaded that defendants warranted their products and because the plaintiffs have not plausibly pleaded a breach of the return policy, their claims under this act fail.

E.   *Federal Breach of Warranty Claim.*

The Magnuson-Moss Warranty Act gives protection for both written warranties for specific levels of performance over a specific period of time and state law breach of warranty claims. The MMWA claims succeed or fail with the underlying state warranty claims. The blaster does not promise a specified level of performance over a specified period of time. The state claims for breach of warranty all fail, so the MMWA claims also fail.

F.   *Fraud and Consumer Protection Claims.*

All of the defendants' alleged statements, except the assertion of FDA approval, are their opinions. Keeping in mind defendants' disclaimer, these alleged claims are no more than puffing. They are not unfair or untrue.

The alleged claim that the blaster is FDA approved is a statement of fact that is untrue, unfair, and misleading. This claim is not made related to a particular plaintiff, and plaintiffs have not pleaded facts that they relied on this claim when they made their purchases.

The plaintiffs bring fraud claims under Arizona, California, Florida, Louisiana, Nevada, New York, and Ohio law. Under their laws, merely the claim of FDA approval is potentially fraudulent or unfair. California, Nevada, New York, and Ohio law require that reliance on a statement caused the plaintiffs' damage; Arizona, Florida, Louisiana, and Ohio law does not require reliance.

California's CLRA, California's Unfair Competition Law, Nevada's Deceptive Trade Practices Act, New York's Unlawful Deceptive Acts or Practices Act, New York's False Advertising Law, and Ohio's Consumer Sales Practices Act all require that the plaintiffs relied on the defendants' claim and were harmed by this. No plaintiff has pleaded that they relied on the FDA approval claim. The fraud claims under these laws will be dismissed for not having pleaded the elements.

Arizona's Consumer Fraud Act, Florida's Unfair and Deceptive Trade Practices Act, Louisiana's Unfair Trade Practices Act, and Ohio's Deceptive

Trade Practices Act do not require that a plaintiff be harmed by an alleged claim. These claims properly pleaded their respective elements.

Louisiana has a one-year statute of limitations for claims under the LUTPA. The LUTPA claim was filed over a year after the original purchase. This claim is barred by the statute of limitations.

The plaintiffs do not have standing to pursue claims under the ODTPA. Ohio courts follow "essentially the same analysis" for ODTPA claims as those applied in claims for "unfair competition under federal statutes."[6] The analogous federal law to the ODTPA is the Lanham Act.[7] Ohio law says to look to the federal analysis to determine if consumers have standing under the ODTPA. "A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act."[8] This is precisely what the plaintiffs are alleging, so they do not have standing to invoke the ODTPA.

### G. Unjust Enrichment.

The plaintiffs generally have pleaded that the defendants were unjustly enriched, but give no legal support. The states with unjust enrichment theories have two general frameworks. Florida, Nevada, New York, and Ohio require that the plaintiffs have pleaded that: (1) a benefit is conferred by the plaintiffs on the defendants, (2) the defendants had knowledge of that benefit, and (3) retention of the benefit by the defendants is under circumstances where it would be unjust without payment.[9]

---

[6] *Cesare v. Work*, 36 Ohio App.3d 26 (Ct. App. 9th Cir. 1987).

[7] 15 U.S.C.A. § 1125 (a).

[8] *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014).

[9] *Cuspide Props., Ltd. v. Earl Mech. Servs.*, 53 N.E. 3d 818, 833 (Ohio Ct. App. 6th 2015); *Duty Free World, Inc. v. Mia. Perfume Junction, Inc.*, 253 So. 3d 689, 693 (Fla. Dist. Ct. App. 2018); *Cty. of Nassau v. Expedia, Inc.*, 992 N.Y.S.2d 293, 296 (N.Y. App. Div. 2014); *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012).

Arizona and Louisiana require that the plaintiffs have pleaded: (1) an enrichment, (2) an impoverishment, (3) a connection between them, (4) no "justification" or "cause" for the enrichment and impoverishment, and (5) no other remedy at law be available.[10]

California does not have an unjust enrichment theory. Their comparable legal theory is quasi-contract. Quasi-contract theory requires that defendants' retention be unjust given the circumstances.[11]

The plaintiffs' claim for unjust enrichment comes from the difference between what the plaintiffs paid for the blaster and what they were offered in their refunds. The plaintiffs who have requested refunds received the price they paid for the product, minus return shipping cost. This shipping cost did not go to defendants it went to the shipping company. There was no enrichment of the defendant. If there was an enrichment, it was not unjust. Consumers pay shipping costs all the time. The plaintiffs' unjust enrichment claims fail.

4. *Conclusion.*

Stacy Haavisto's, Arlene Rodriguez's, and Elson's claims for breach of express warranty, breach of implied warranty, breach under the Song-Beverly Warranty Act, and fraud claims under the CLRA will be dismissed for not giving notice and failing to state a claim. Dalton's claims under these same laws will be dismissed for failing to state a claim. All of the California plaintiffs' claims under the CLRA and UCL will be dismissed for failing to meet federal rule 9(b).

Loretta Oakes's, Dina Salas's, and Allyson McCarthy's claims under the Nevada DTPA will be dismissed for failing to meet federal rule 9(b) and failing to state a claim.

Joey Campbell's claim under Arizona's Consumer Fraud Act will be dismissed under federal rule 9(b). Campbell's breach of express warranty claim

---

[10] *Huntsman Int'l LLC v. Praxair, Inc.*, 201 So. 3d 899, 911 (La. Ct. App. 2016); *Murphy v. Woomer*, 478 P.3d 251 (Ariz. Ct. App. 2020).

[11] *Durell v. Sharp Healthcare*, 108 Cal.Rptr.3d 682, 699 (Cal. Ct. App. 2010).

will be dismissed for failing to give timely notice and failing to state a claim.

Michelle Lanum's and Tilly Dorenkamp's claims under Florida law for violating the UDTPA will be dismissed under federal rule 9(b) and for failing to state a claim. Their claims for breach of express warranty will be dismissed for failing to give notice and failing to state a claim. Smith's claim under the UDTPA will be dismissed under federal rule 9(b) and for failing to state a claim. Her claim for breach of express warranty will be dismissed for failing to state a claim.

Kelli Frederick's claim for violating Louisiana's UTPA will be dismissed under federal rule 9(b) and as barred by the statute of limitations. Her claim for breach of warranty against redhibitory defects will be dismissed for failing to state a claim.

Carol Richter's claims for violating Ohio's CSPA and DTPA will be dismissed under federal rule 9(b) and for failing to state a claim.

Brooke Neufeld's claims for violating New York's UDAP and False Advertising Law will be dismissed under federal rule 9(b) and for failing to state a claim.

All of the plaintiffs' claims for unjust enrichment will be dismissed for failing to state a claim. All of the plaintiffs' claims for breach of warranty under the MMWA will be dismissed for failing to state a claim.

Signed on June 8, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

# Appendix

A. Breach of Express Warranty – Joey Campbell, Arlene Rodriguez, Emily Elson, Stacy Haavistio, Sharon Dalton, Sheila Smith, Tilly Dorenkamp, Michelle Lanum.

B. Breach of Implied Warranty of Merchantability – Arlene Rodriguez, Emily Elson, Stacy Haavistio, Sharon Dalton.

C. Breach of Warranty Against Redhibitory Defects – Kelli Frederick.

D. Breach of Warranty Under Song Beverly Warranty Act – Arlene Rodriguez, Emily Elson, Stacy Haavistio, Sharon Dalton.

E. Breach of Warranty Under Magnuson-Moss Warranty Act – Joey Campbell, Arlene Rodriguez, Emily Elson, Stacy Haavistio, Sharon Dalton, Sheila Smith, Tilly Dorenkamp, Michelle Lanum.

F. Fraud
   1. Arizona Consumer Fraud Act – Joey Campbell.
   2. California Consumer Legal Remedies Act & Unfair Competition Law – Arlene Rodriguez, Emily Elson, Stacy Haavistio, Sharon Dalton.
   3. Florida Unfair and Deceptive Trade Practices Act – Sheila Smith, Tilly Dorenkamp, Michelle Lanum.
   4. Louisiana Unfair Trade Practices Act – Kelli Frederick.
   5. Nevada Deceptive Trade Practices Act – Dina Salas, Loretta Oakes, Allyson McCarthy.
   6. New York False Advertising Law & Unlawful Deceptive Acts or Practices Act – Brooke Neufeld.
   7. Ohio Consumer Sales Practices act & Deceptive Trade Practices Act – Carol Richter.

G. Unjust Enrichment – All plaintiffs.

## Exhibit A

Emily Elson, Stacy Haavisto, Loretta Oakes, Michelle Lanum, Tilly Dorenkamp, Dina Salas, Arlene Rodriguez, Sharon Dalton, Allyson McCarthy, Sheila Smith, Kelli Frederick, Joey Campbell, Carol Richter, and Brooke Neufeld are women who purchased one or more 'FasciaBlaster' products from the defendants. They live in Arizona, California, Florida, Louisiana, Ohio, Nevada, and New York.

The defendants are Ashley Black, Ashley Black Company, ADB Interests, LLC, ADB Innovations, LLC, Ashley Black Guru, Ashley Diana Black International Holdings, LLC, and Ashley Black Fasciology, LLC. The corporate entities are alleged to be dependant on Ashley Black.