*United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

United States Courts
Southern District of Texas
FILED

*June 07, 2022*

Nathan Ochsner, Clerk of Court
**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 07, 2022

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

No. 21-20349   Elson v. Black
USDC No. 4:20-CV-2125

The court has granted the motion to supplement or correct the record in this case.  The originating court is requested to add the attached motion and documents to their court's docket and to provide us with a supplemental electronic record.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Christina A. Gardner, Deputy Clerk
504-310-7684

Mr. Clyde Oates Adams IV
Ms. Heidi J. Gumienny
Mr. Nathan Ochsner
Mr. Michael C. Singley
Mr. Jason Sultzer

# United States Court of Appeals
## for the Fifth Circuit

---

No. 21-20349

---

EMILY ELSON; STACY HAAVISTO; LORETTA OAKES; MICHELLE
LANUM; TILLY DORENKAMP; DINA SALAS; ARLENE
RODRIGUEZ; SHARON DALTON; ALLYSON MCCARTHY; SHEILA
SMITH; KELLI FREDERICK; JOEY CAMPBELL; CAROL RICHTER;
BROOKE NEUFELD,

*Plaintiffs—Appellants,*

*versus*

ASHLEY BLACK, *an individual*; ASHLEY DIANA BLACK
INTERNATIONAL HOLDINGS, L.L.C., a DELAWARE
CORPORATION; ADB INTERESTS, L.L.C., a TEXAS
CORPORATION; ASHLEY BLACK COMPANY; ADB INNOVATIONS,
L.L.C.; ASHLEY BLACK GURU; ASHELY BLACK FASCIOLOGY,
L.L.C.,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2125

---

ORDER:

IT IS ORDERED that Appellants' unopposed motion to
supplement the record with a copy of Plaintiffs' Disclosures and the

disclosure made by Defendants pursuant to the Joint Status Report is GRANTED.

LYLE W. CAYCE, CLERK
United States Court of Appeals
for the Fifth Circuit
/s/ Lyle W. Cayce

ENTERED AT THE DIRECTION OF THE COURT

# United States Court of Appeals
# for the Fifth Circuit

No. 21- 20349

EMILY ELSON; STACY HAAVISTO; LORETTA OAKES; MICHELLE LANUM;
TILLY DORENKAMP; DINA SALAS; ARLENE RODRIGUEZ; SHARON DALTON;
ALLYSON MCCARTHY; SHEILA SMITH; KELLI FREDERICK; JOEY CAMPBELL;
CAROL RICHTER; BROOKE NEUFELD,
*Plaintiffs-Appellants,*

*v.*

ASHLEY BLACK, AN INDIVIDUAL; ASHLEY DIANA BLACK INTERNATIONAL
HOLDINGS, L.L.C., A DELAWARE CORPORATION; ADB INTERESTS, L.L.C., A TEXAS
CORPORATION; ASHLEY BLACK COMPANY; ADB INNOVATIONS, L.L.C.; ASHLEY
BLACK GURU; ASHELY BLACK FASCIOLOGY, L.L.C.,
*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CASE NO. 4:20-cv-02125-LNH
THE HONORABLE LYNN N. HUGHES

## UNOPPOSED MOTION TO SUPPLEMENT RECORD ON APPEAL

Michael Singley
David James
**EDWARDS LAW**
603 W. 17th St.
Austin, Texas 78701
Tel. 512-623-7727

Perrin F. Disner
**LAW OFFICES OF PERRIN F.
DISNER**

Jeffrey Brown
**LEEDS BROWN LAW, P.C.**

David R. Shoop
Thomas S. Alch
**SHOOP, A PROFESSIONAL LAW
CORPORATION**

Jason P. Sultzer
**THE SULTZER LAW GROUP P.C.**

*Counsel for Plaintiffs-Appellants*

Plaintiffs-Appellants in the above captioned appeal hereby move this Court for permission to supplement the Record on Appeal pursuant to FED. R. APP. P. 10(e)(2)(c).

1.     On June 6, 2022, the parties appeared for oral argument on this appeal.

2.     During oral argument, counsel became aware that a document omitted from the Record on Appeal will be highly material to the panel's resolution of this appeal.

3.     Specifically, on January 25, 2021, the trial court ordered Plaintiffs to disclose to Defendants additional particulars concerning "each plaintiff's alleged reliance including: (a) when, where, and what happened, and (n) how much money each spent and on what."

4.     On March 19, 2021, the parties filed a Joint Status Report ("JSR") which advised the trial court that Plaintiffs served Defendants with a 13-page supplemental disclosure, in accordance with the trial court's Order ("Plaintiffs' Disclosure").

5.     The JSR also advised the trial court that if it was inclined to grant Defendants' motions to dismiss, Plaintiffs requested leave to amend their operative complaint to include the particulars detailed in Plaintiffs' disclosure.

6.     Ultimately, the trial court granted Defendants' motion to dismiss without considering the information contained in Plaintiffs' Disclosure.'

7.     Though the JSR was made a part of the Record on Appeal (*see* ROA.3715-3719), Plaintiffs' Disclosure was not included.

2

8. The issue of Rule 9(b) particularity was of specific interest to the panel during the appellate oral argument.

9. Plaintiffs' Disclosure contains vital information which will be another factor to assist the Court in determining whether Plaintiffs are able to satisfy the particularity requirements of Rule 9(b).

10. A copy of Plaintiffs' Disclosure is annexed hereto as Exhibit "A."

11. A copy of the disclosure made by Defendants pursuant to the JSR is annexed hereto as Exhibit B.

12. Pursuant to FED. R. APP. P. 10(e)(2)(c), Plaintiffs-Appellants request that the Court certify and forward these attached documents to be part of the Record on Appeal as this matter is considered by the assigned panel.

13. Plaintiffs-Appellants have inquired as to Defendants-Appellees' position as to whether these documents should be made part of the Record on Appeal.

14. Defendants-Appellees advise that they do not object to supplementing the Record on Appeal in this manner.

Respectfully submitted,

By /s/ *Jason P. Sultzer*

    Michael Singley
    State Bar No. 00794642
    mike@edwards-law.com
    David James
    State Bar No. 24092572
    david@edwards-law.com

    EDWARDS LAW
    603 W. 17th Street
    Austin, Texas 78701
    Tel. 512-623-7727
    Fax. 512-623-7729

    **ATTORNEYS FOR PLAINTIFFS-APPELLANTS**

    **AND**

    **THE SULTZER LAW GROUP P.C.**
    Jason P. Sultzer, Esq.
    85 Civic Center Plaza, Suite 104
    Poughkeepsie, NY 12601
    Tel: (845) 483-7100
    Fax: (888) 749-7747
    sultzerj@thesultzerlawgroup.com

    **AND**

    **SHOOP, A PROFESSIONAL LAW CORPORATION**
    David R. Shoop, Esq.
    Thomas S. Alch, Esq.
    350 S. Beverly Drive, Suite 330
    Beverly Hills, CA 90212
    Tel: (310) 277-1700
    Fax: (310) 277-8500

david.shoop@shooplaw.com
thomas.alch@shooplaw.com

**AND**

**LEEDS BROWN LAW, P.C.**
Jeffrey Brown, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514-1851
(516) 873-9550
jbrown@leedsbrownlaw.com

*Counsel for Plaintiffs-Appellants Sharon Dalton, Allyson McCarthy, Sheila Smith, Mary Dennis, Kelli Frederick, and Joey Campbell*

**LAW OFFICES OF PERRIN F. DISNER**
Perrin F. Disner, Esq.
4630 Sepulveda Boulevard, Suite 105
Sherman Oaks, CA 91403
Phone:  310-742-7944
Fax: 888-544-5154
pdisner@disnerlaw.com

*Counsel for Plaintiffs-Appellants Emily Elson, Stacy Haavisto, Loretta Oakes, Michelle Lanum, Sue Grlicky, Tilly Dorenkamp, Dina Salas, Arlene Rodriguez, Carol Richter, and Brooke Neufeld*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of June 2022, a copy of this motion was served upon all counsel of record via the Court's electronic filing system.

<u>/s/ *Jason P. Sultzer*</u>
Jason P. Sultzer

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EMILY ELSON, et. al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Case No. 4:20-CV-02125** |
| | § | |
| **ASHLEY BLACK, et. al.** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' RELIANCE DISCLOSURES

I.    **Plaintiffs' Reservation of Rights**

Plaintiffs make the following disclosures pursuant to the Court's Order, signed January 25, 2021 (ECF No. 139) based on the information and documents presently available to Plaintiffs.  Plaintiffs restate and reserve their objection to the Court's Order to provide these disclosures prior to being permitted to conduct discovery in this matter.   In light of the voluminous discovery relevant to these disclosures currently in the exclusive possession and control Defendants and their employees, agents, and/or contractors, including but not limited to advertisements and other promotional materials, Plaintiffs expressly reserve the right to amend or supplement these disclosures in light of any additional information they may obtain during the course of litigation. This reservation of rights expressly includes but is not limited to amending or supplementing these disclosures based on discovery obtained to more precisely identify the precise substance and dates of representations Plaintiffs and others similarly situated saw and relied upon in making their purchases.  Plaintiffs make these disclosures without prejudice to, or waiver of, any right, remedy or objection available to Plaintiffs at law or in equity.

1

II.   **Disclosures**

Subject to the foregoing reservations of rights and objections, Plaintiffs make the following disclosures related to the issue of reliance:

a.   Sheila Smith

1.   Ms. Smith saw and relied on a representation stating that FasciaBlaster was 100% guaranteed to eliminate cellulite in purchasing FasciaBlaster.

2.   Ms. Smith saw the above representation on a Facebook advertisement; Ms. Smith clicked the advertisement and was taken to fasciablaster.com, where she purchased her FasciaBlaster.

3.   Ms. Smith saw the above representation on several occasions in July 2015, preceding her purchase of the FasciaBlaster.

4.   Ms. Smith purchased a FasciaBlaster in or around August 2015 in reliance on the "100% guaranteed to eliminate cellulite" representation she had seen in the FasciaBlaster advertisements on Facebook.

b.   Joey Campbell

1.   Ms. Campbell saw and relied on representations stating that FasciaBlaster reduces pain that it would result in better muscle definition, and that it would lessen the appearance of cellulite.

2.   Ms. Campbell saw the above representations on a Facebook advertisement; Ms. Campbell clicked on that advertisement and was taken to the FasciaBlaster.com website, where she purchased a FasciaBlaster.

3.   Ms. Campbell saw the above representations immediately preceding her purchase of the FasciaBlaster on March 7, 2016.

4.   Ms. Campbell purchased a FasciaBlaster on March 7, 2016 in reliance on the representations that FasciaBlaster reduces pain that it would result in

2

better muscle definition and that it would lessen the appearance of cellulite.

5. Ms. Campbell spent $89.99 on the FasciaBlaster and an additional $12.00 on shipping for a total of $101.99.

c. Kelli Frederick

1. Ms. Frederick saw and relied on representations stating that FasciaBlaster eliminates cellulite that FasciaBlaster would allow the user to "carve out" a muscle, and improve flexibility.

2. Ms. Frederick saw these representations on a Facebook advertisement; she clicked on that advertisement, which brought her to the fasciablaster.com website.  She saw the same representations repeated in videos contained on both the fasciablaster.com website homepage and the ashleyblackguru.com website.  She saw these representations both on Facebook and the FasciaBlaster.com website homepage in March and April, 2016 prior to purchasing her FasciaBlaster.

3. Ms. Frederick purchased a FasciaBlaster on April 8, 2016 from the fasciablaster.com website in reliance on the representations that FasciaBlaster eliminates cellulite that FasciaBlaster would allow the user to "carve out" a muscle, and improve flexibility.

4. Ms. Frederick spent $89.00 on the FasciaBlaster and an additional $12.00 on shipping for a total of $101.00.

5. In reliance on those same representations, Ms. Frederick purchased a "Mini 2" FasciaBlaster from fasciablaster.com on August 12, 2016.

6. Ms. Frederick spent $65.00 on the Mini 2 FasciaBlaster and an additional $12.00 on shipping for a total of $77.00.

7. In reliance on those same representations, Ms. Frederick purchased a "Glossy Black" FasciaBlaster on December 16, 2021.

3

8. Ms. Frederick spent $89.99 on the Glossy Black FasciaBlaster and an additional $12.00 on shipping for a total of $101.99.

d. Sharon Dalton

1. Ms. Dalton saw and relied upon representations that FasciaBlaster would virtually eliminate cellulite.

2. Ms. Dalton saw this representation on a Facebook advertisement and on an Ashley Black Guru Facebook group; Ms. Dalton clicked on that advertisement, which brought her to the fasciablaster.com website homepage.

3. Ms. Dalton purchased a FasciaBlaster from the fasciablaster.com website on April 12, 2016 in reliance on the representation that the FasciaBlaster would virtually eliminate cellulite.

4. Ms. Dalton spent $89.00 on the FasciaBlaster an additional $12.00 on shipping for a total of $101.00.

e. Allyson McCarthy

1. Ms. McCarthy saw and relied upon representations that FasciaBlaster would lessen the look of cellulite, that FasciaBlaster would make give her better definition in her muscles, and that she could "carve out" better muscle definition using FasciaBlaster.

2. Ms. McCarthy saw the "lessen the look of cellulite" representation and the "better definition" on the FasciaBlaster.com website homepage in or about December 2016.

3. Ms. McCarthy saw the "carve out" muscle definition representation on the AshleyBlackGuru.com website homepage and in a video titled "The Heart Butt Series" on the "FasciaBlaster" page of the AshleyBlackGuru.com website in or about December 2016.

4. In reliance on representations that "lessen the look of cellulite" that FasciaBlaster would make give her better definition in her muscles, and

4

that she could "carve out" better muscle definition using FasciaBlaster, Ms. McCarthy purchased a FasciaBlaster and "Blaster Oil and After Blaster" from the fasciablaster.com website on January 11, 2017.

5. Ms. McCarthy spent $89.00 on the FasciaBlaster, $35.00 on the Blaster Oil and After Blaster, and an additional $12.00 on shipping for a total of $136.00.

f. Tilly Dorenkamp

1. Ms. Dorenkamp saw and relied upon representations claiming that FasciaBlaster would relieve significant pain and other symptoms from fibromyalgia and arthritis, among other benefits.

2. She saw these representations on Ashley Black's Facebook page, on the AshleyBlackGuru.com website, and the AshleyBlackGuru.com website in approximately October 2016.

3. In reliance on the representation that FasciaBlaster would relieve significant pain and other symptoms from fibromyalgia and arthritis, Ms. Dorenkamp purchased a FasciaBlaster on October 22, 2016 from the AshleyBlackGuru.com website.

4. Ms. Dorenkamp spent $89.00 on a FasciaBlaster, and $12.00 on shipping, for a total of $101.00.

g. Emily Elson

1. Ms. Elson saw and relied upon representations claiming that FasciaBlaster would eliminate cellulite and improve the user's body shape, among other benefits.

2. She saw these representations first in a sponsored advertisement for FasciaBlaster within her Facebook newsfeed, then on Ashley Black's Facebook page, in posts and comments by Black and other employees/agents of the defendants' within the official FasciaBlaster

Facebook group page, on the AshleyBlackGuru.com website, and the Fasciablaster.com website homepage in February and March 2017.

3. In reliance on the representations that FasciaBlaster would eliminate cellulite and would improve the user's body shape, Ms. Elson purchased a FasciaBlaster on March 19, 2017 from the fasciablaster.com website.

4. Ms. Elson spent $89.00 on a FasciaBlaster, $12.00 on shipping, and paid $7.79 in tax for a total of $108.79.

h. Stacy Haavisto

1. Ms. Haavisto saw and relied upon representations claiming that FasciaBlaster would eliminate cellulite.

2. She saw this representation in a sponsored advertisement for FasciaBlaster within her Facebook newsfeed in March of 2016.

3. In reliance on the representation that FasciaBlaster would eliminate cellulite, Ms. Haavisto purchased a FasciaBlaster and FasciaBlaster Nugget on March 22, 2016 from the fasciablaster.com website.

4. Ms. Haavisto spent $89.99 on a FasciaBlaster, $20.00 on the Nugget, and $12.00 on shipping, for a total of $121.99.

5. In reliance on those same representations, Ms. Haavisto purchased a "Limited Edition FaceBlaster Gift Set" on March 21, 2017.

6. Ms. Haavisto spent $99.00 on the "Limited Edition FaceBlaster Gift Set," $12.00 on shipping, and $7.18 for a subtotal of $118.18.

i. Michelle Lanum

1. Ms. Lanum saw and relied upon representations claiming that FasciaBlaster would heal scar tissue and correct immune disorders, among others, notably including Ashley Black's own personal story of having used the device to recover from Rheumatoid Arthritis and heal her own scar tissue.

2. She saw these representations on the defendants' website.

6

3. In reliance on the representation that FasciaBlaster would heal scar tissue and correct immune disorders, Ms. Lanum purchased a FasciaBlaster and FasciaBlaster Mini 2 on October 21, 2016 from the fasciablaster.com website.

4. Ms. Lanum spent $89.00 on a FasciaBlaster, $65.00 on the Mini 2, and $12.00 on shipping, for a total of $166.00.

j.  Brooke Neufeld

1. Ms. Neufeld saw and relied upon representations claiming that FasciaBlaster would eliminate cellulite, tone and tighten skin, improve agility, raise one's butt, cure muscle and nerve pain, fix posture problems and stiffness, among other things.

2. She saw the representations that the device eliminates cellulite and tones and tightens skin in a sponsored advertisement for FasciaBlaster within her Facebook newsfeed. She then saw those representations repeated, along with additional representations re improving agility, raising one's butt, curing muscle and nerve pain, fixing posture problems and stiffness, among others, including in writing and via putative 'before/after' photos, on Ashley Black's Facebook page, on the AshleyBlackGuru.com website, and the Fasciablaster.com website homepage in June and July of 2016.

3. In reliance on the Defendants' representations claiming that FasciaBlaster would eliminate cellulite, tone and tighten skin, improve agility, raise one's butt, cure muscle and nerve pain, fix posture problems and stiffness, among other things, Ms. Neufeld purchased a FasciaBlaster on July 1, 2016 from the fasciablaster.com website.

4. Ms. Neufeld spent $89.00 on a FasciaBlaster, and $12.00 on shipping, for a total of $101.00.

5. In reliance on those same representations, Ms. Neufeld purchased a "Mini 2," "Limited Edition FaceBlaster Gift Set" and "Blaster Oil and After Blaster" on February 24, 2017.

6. Ms. Neufeld spent $65.00 on the Mini 2, $99.00 on the "Limited Edition FaceBlaster Gift Set" and $35.00 on the "Blaster Oil and After Blaster" and an additional $24.00 on shipping for a subtotal of $223.00.

k. Loretta Oakes

1. Ms. Oakes saw and relied upon representations claiming that FasciaBlaster would eliminate cellulite, tone and tighten skin, take off inches, i.e. slimming weight-loss, and that the Defendants had conducted a legitimate "double-blind" scientific study, among other things.

2. She saw the representations that the device eliminates cellulite, tones and tightens skin, and causes weight-loss in a sponsored advertisement for FasciaBlaster within her Facebook newsfeed. She then saw those representations repeated, along with representations about the existence and legitimacy of a putative "double-blind" scientific study pertaining to the FasciaBlaster, on Ashley Black's Facebook page, in posts and comments by Black and other employees/agents of the defendants' within the official FasciaBlaster Facebook group page, on the AshleyBlackGuru.com website, and the Fasciablaster.com website homepage in and around August 2017.

3. In reliance on the Defendants' representations claiming that FasciaBlaster would eliminate cellulite, tone and tighten skin, take off inches, and the purported legitimacy of a putative double-blind scientific study, Ms. Oakes purchased a FasciaBlaster on August 24, 2016 from the AshleyBlackGuru.com website.

4. Ms. Oakes spent $89.00 on a FasciaBlaster, and $12.00 on shipping, for a subtotal of $101.00.

8

5. In reliance on those same representations, Ms. Oakes purchased a "Mini 2" FasciaBlaster on December 27, 2016.

6. Ms. Oakes spent $65.00 on the Mini 2 FasciaBlaster and an additional $12.00 on shipping for a subtotal of $77.00.

7. In reliance on those same representations, Ms. Oakes purchased a "Limited Edition FaceBlaster Gift Set" on February 19, 2017.

8. Ms. Oakes spent $99.00 on the "Limited Edition FaceBlaster Gift Set" and an additional $12.00 on shipping for a subtotal of $111.00.

l. Carol Richter

1. Ms. Richter saw and relied upon representations claiming that FasciaBlaster would eliminate cellulite, tone and tighten skin, and take off inches, i.e. slimming weight-loss, among other things.

2. She saw the representations that the device eliminates cellulite, tones and tightens skin, and causes weight-loss in a sponsored advertisement for FasciaBlaster within her Facebook newsfeed. She then saw those representations repeated, among others, by Black and other employees/agents of the defendants', within the official FasciaBlaster Facebook group page, on the AshleyBlackGuru.com website, and the Fasciablaster.com website homepage in September and August 2016.

3. In reliance on the Defendants' representations claiming that FasciaBlaster would eliminate cellulite, tone and tighten skin, and take off inches, Ms. Richter purchased a FasciaBlaster on August 5, 2016 from the fasciablaster.com website.

4. Ms. Richter spent $89.00 on a FasciaBlaster, and $12.00 on shipping, for a subtotal of $101.00.

5. In reliance on those same representations, Ms. Richter purchased "Blaster Oil and After Blaster" on September 10, 2016.

9

6. Ms. Richter spent $35.00 on the "Blaster Oil and After Blaster" and an additional $12.00 on shipping for a subtotal of $47.00.

7. In reliance on those same representations, Ms. Richter purchased a "Mini 2" FasciaBlaster on September 16, 2016.

8. Ms. Richter spent $65.00 on the "Mini 2" and an additional $12.00 on shipping for a subtotal of $77.00.

9. In reliance on those same representations, Ms. Richter purchased a ""Limited Edition FaceBlaster Gift Set" on February 7, 2-17.

10. Ms. Richter spent $99.00 on the "Limited Edition FaceBlaster Gift Set" and an additional $12.00 on shipping for a subtotal of $111.00.

m. Arlene Rodriguez

1. Ms. Rodriguez saw and relied upon representations claiming that FasciaBlaster would eliminate cellulite, tone and tighten skin, and take off inches, i.e. slimming weight-loss, among other things.

2. She saw the representations that the device eliminates cellulite, tones and tightens skin, and causes weight-loss in a sponsored advertisement for FasciaBlaster within her Facebook newsfeed. She then saw those representations repeated, among others, on Ashley Black's Facebook page, by Black and other employees/agents of the defendants' within the official FasciaBlaster Facebook group page, on the AshleyBlackGuru.com website, and the Fasciablaster.com website homepage between approximately July and November 2016.

3. In reliance on the Defendants' representations claiming that FasciaBlaster would eliminate cellulite, tone and tighten skin, and take off inches, Ms. Rodriguez purchased a FasciaBlaster on November 3, 2016 from the fasciablaster.com website.

4. Ms. Rodriguez spent $89.00 on a FasciaBlaster, $12.00 on shipping, and $6.68 in sales tax, for a subtotal of $107.68.

10

5.  In reliance on those same representations, Ms. Rodriguez purchased a "Mini 2" FasciaBlaster on February 23, 2017.

6.  Ms. Rodriguez spent $65.00 on the "Mini 2," $12.00 on shipping, and $4.71 in sales tax, for a subtotal of $81.71.

n.  Dina Salas

1.  Ms. Salas saw and relied upon representations claiming that FasciaBlaster would eliminate cellulite, cause weight-loss, reduce brain lesions associated with Multiple Sclerosis, cure autoimmune illnesses, that Defendants' agent/employee Kathleen Stross is a "neuroscientist," and that fascia blasting was "proven to have global effects on the CNS [central nervous system] and ANS [autonomic nervous system]," among other things.

2.  She saw the representations—that the device eliminates cellulite and causes weight-loss, reduce brain lesions associated with Multiple Sclerosis, and cure autoimmune illnesses, and that Defendants' agent/employee Kathleen Stross is a "neuroscientist," and that fascia blasting was "proven to have global effects on the CNS [central nervous system] and ANS [autonomic nervous system]," among other things— made and promoted by Ashley Black and/or other employees/agents of the Defendants' within the official FasciaBlaster Facebook group page, on Instagram, on the AshleyBlackGuru.com website, and the Fasciablaster.com website homepage in June 2016.

3.  In reliance on the Defendants' foregoing representations, Ms. Salas purchased a FasciaBlaster on June 17, 2016 from the fasciablaster.com website.

4.  Ms. Salas spent $89.00 on a FasciaBlaster, and $12.00 on shipping, for a subtotal of $101.00.

11

Dated:  March 5, 2021

**LAW OFFICES OF PERRIN F. DISNER**

By  /s/ Perrin Disner
Perrin F. Disner, Esq.
*Attorney-in-charge*
4630 Sepulveda Boulevard, Suite 105
Sherman Oaks, CA 91403
Phone: 310-742-7944
Fax: 888-544-5154
pdisner@disnerlaw.com
*Counsel for Plaintiffs*
*Emily Elson, Stacy Haavisto,*
*Loretta Oakes, Michelle Lanum,*
*Tilly Dorenkamp,*
*Dina Salas, Arlene Rodriguez,*
*Carol Richter, and Brooke Neufeld*

**THE SULTZER LAW GROUP P.C.**

By /s/ Jason Sultzer
Jason P. Sultzer, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
Gonnellia@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

**SHOOP, A PROFESSIONAL LAW CORPORATION**
David R. Shoop, Esq.
Thomas S. Alch, Esq.
350 S. Beverly Drive, Suite 330
Beverly Hills, CA 90212
Tel: (310) 277-1700
Fax: (310) 277-8500
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

**LEEDS BROWN LAW, P.C.**
Jeffrey Brown, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514-1851

12

(516) 873-9550
jbrown@leedsbrownlaw.com
*Counsel for Plaintiffs*
*Sharon Dalton, Allyson McCarthy,*
*Sheila Smith, Kelli Frederick, and*
*Joey Campbell*

**EDWARDS LAW GROUP**
THE HAEHNEL BUILDING
1101 E. 11TH STREET
AUSTIN, TX 78702
Tel.  512-623-7727
Fax.  512-623-7729


By____*/s/ Michael Singley*_____

JEFF EDWARDS
State Bar No. 24014406
jeff@edwards-law.com
MIKE SINGLEY
State Bar No. 00794642
mike@edwards-law.com
DAVID JAMES
State Bar No. 24092572
david@edwards-law.com

**ATTORNEYS FOR PLAINTIFFS**


**<u>CERTIFICATE OF SERVICE</u>**


By my signature below, I certify that a true and correct copy of the foregoing has been served on counsel for Defendant via electronic mail.

_____*/s/ Perrin Disner*____
Perrin Disner

13

# EXHIBIT B

**From:** Chip Adams <coadams@grsm.com>
**Sent:** Friday, March 5, 2021 5:09 PM
**To:** 'mike@edwards-law.com' <mike@edwards-law.com>
**Cc:** Chip Adams <coadams@grsm.com>
**Subject:** Elson

Mike, below is the info the court requested

ASHLEY BLACK COMPANY - No such entity or DBA exists, should be removed

ADB INNOVATIONS LLC – appropriate defendant.
ASHLEY BLACK GURU - This is a registered DBA of ADB Innovations LLC, not a separate legal entity.  This name should be removed.
ASHLEY DIANA BLACK INTERNATIONAL HOLDINGS, LLC - This company is the registered owner of the Intellectual property but has no involvement in sales or manufacturing and has no actual operational functions.  This name should be removed.
ASHLEY BLACK FASCIOLOGY LLC - This is a dormant entity that had no operations during the relevant period aside from owning a bank account. This name should be removed.
ADB INTERESTS, LLC  - This is the holding company that owns 100% of the membership shares in ADB Innovations LLC.  This entity had no operations of it's own during the relevant period other than to file the tax returns reporting the income of ADB Innovations LLC.  This name should likely be removed.

Ashley has been and still is a resident of the state of Texas



**CHIP ADAMS**  |  Partner

TransWestern Tower, 1900 West Loop South, Suite 1000, Houston, TX 77027
2200 Ross Avenue, Suite 3700, Dallas, TX 75201

D: 713-490-4865  |  C: 713-306-9491  |  coadams@grsm.com

www.grsm.com
vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.